IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREA PETERSON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-1260-AMG |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
|     Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Andrea Peterson ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34. (Doc. 1). The Commissioner has answered the Complaint and filed the Administrative Record ("AR") (Docs. 11, 12), and the parties have fully briefed the issues. (Docs. 19, 23).[2] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 15, 16). Based on the Court's review of the record and issues presented, the Court **AFFIRMS** the Commissioner's decision.

---

[1] Kilolo Kijakazi is the Acting Commissioner of the Social Security Administration and is substituted as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

[2] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

I.  **Procedural History**

Plaintiff filed her application for DIB on October 14, 2016, alleging a disability onset date of December 15, 2015. (AR, at 68, 225). The SSA denied the application initially and on reconsideration. (*Id.* at 107-11, 116-22). Then an administrative hearing was held on September 7, 2017. (*Id.* at 39-67). Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id.* at 19-38). The Appeals Council subsequently denied Plaintiff's request for review. (*Id.* at 1-7). Thus, the ALJ's decision became the final decision of the Commissioner. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

Plaintiff then filed a complaint with the U.S. District Court for the Western District of Oklahoma on November 1, 2018. (AR, at 1225-29). United States District Judge Charles B. Goodwin reversed and remanded the matter to the Commissioner for further administrative proceedings. (*Id.* at 1239-43). Another hearing was held, and the ALJ issued a second opinion on August 27, 2020 – again finding Plaintiff was not disabled. (AR, at 1164-96; 1137-63). This decision became the final decision of the Commissioner.

II. **The Administrative Decision**

At Step One, the ALJ found that Claimant had not engaged in substantial gainful activity since December 15, 2015, the alleged onset date. (AR, at 1142). At Step Two, the ALJ found that Claimant had the following severe impairments: "obesity, migraines, fibromyalgia, degenerative joint disease affecting the right hip, degenerative disc disease, tachycardia, rheumatoid arthritis, and left hip disorder." (*Id.*) At Step Three, the ALJ found that Plaintiff had no impairment or combination of impairments that met or

medically equaled the severity of one of the listed impairments. (*Id*. at 1144). The ALJ then determined that Plaintiff had the RFC

> to lift and carry 10 pounds occasionally and less than 10 pounds frequently. The claimant can sit for about 6 hours during an eight- hour workday and can stand and walk for at least 2 hours during an eight-hour workday. The claimant can sit for one hour at one time without interruption. The claimant can stand for one hour at one time without interruption. The claimant can walk for one hour at one time without interruption. The claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl. The claimant can frequently reach in all directions. The claimant can frequently push and pull. The claimant can have no exposure to unprotected heights. The claimant can have frequent exposure to moving mechanical parts. The claimant can frequently operate a motor vehicle. The claimant can have occasional exposure to extreme cold, vibrations, humidity, wetness, dusts, odors, fumes, and pulmonary irritants. 20 CFR 404.1567(a).

(*Id*. at 1145). Then, at Step Four, the ALJ concluded that Plaintiff was capable of performing her past relevant work as a receptionist, police dispatcher, or senior customer service representative. (*Id*. at 1154). Thus, the ALJ found that Claimant had not been under a disability since December 15, 2015. (*Id*.)

### III.   Claims Presented for Judicial Review

Plaintiff asserts one issue, that on remand the ALJ "failed to follow this Court's Report & Recommendation," alleging that the ALJ again failed to properly evaluate the opinion of treating physician Dr. Hanner. (*See* Doc. 19, at 6-10).

The Commissioner, however, points out that the ALJ's latest opinion incorporated every limitation identified in Dr. Hanner's opinion, except for those that suggested Plaintiff was less limited than the ALJ ultimately found. (Doc. 23).

## IV.     The Disability Standard and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. § 404.1521; *see* 20 C.F.R. §§ 404.1502(a), 404.1513(a). A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment

4

or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[3] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy.  20 C.F.R. § 404.1520(a)(4)(i)-(v).  Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure.  *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).  If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience."  *Id*.  "The claimant is entitled to disability benefits only if [Claimant] is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

      This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence."  *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted).  Substantial evidence is "more than a scintilla, but less than a preponderance."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*,

---

[3] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a).

139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

**V.     On Remand, the ALJ Adequately Assessed Dr. Hanner's Medical Opinion.**

In its remand Order, the Court directed the ALJ to reevaluate an opinion about Plaintiff's physical functioning from her treating physician, Dr. Hanner. (AR, at 1230-37, Magistrate Judge's Report and Recommendation); (*id.* at 1239-41, Order adopting Report and Recommendation). As the Court explained, the ALJ gave "great weight" to Dr. Hanner's opinion, but did not incorporate into the RFC all of the restrictions Dr. Hanner identified and did not explain why those restrictions were rejected. (*See id.* at 1234-36, 1240-41). Specifically, the Court found error in the ALJ's failure to acknowledge or "include any restrictions that would accommodate [Dr. Hanner's] limitations" of sitting, standing, or walking for no more than one hour "at one time without interruption," which Dr. Hanner supported with Plaintiff's need to "change positions [and] change activities

6

frequently due to joint and muscle pain." (*Id*. at 1234-35; *see id*. at 1081).  In addition, the Court found the ALJ erred in failing to "explain why he found Plaintiff to be less restricted in standing and walking than did the treating physician whose opinion he gave great weight." (*Id.* at 1235 (comparing the ALJ's restriction to four hours of standing and walking each to Dr. Hanner's restriction of three hours of standing and walking each)).

Consistent with the Court's remand order, the ALJ reconsidered Dr. Hanner's medical opinion.  (*Id*. at 1147-52).  Notably, the ALJ incorporated – verbatim – Dr. Hanner's restrictions regarding Plaintiff's ability to only sit, stand, or walk for one hour at a time without interruption.  (*Compare* AR, at 1081 (Dr. Hanner's Opinion) *and* AR, at 1235 (Remand Report and Recommendation) *with* AR, at 1145 (ALJ's RFC Findings)).  These very restrictions were designed by Dr. Hanner to address Plaintiff's need to "change positions [and] change activities frequently due to joint and muscle pain." (*Id*. at 1081).

The ALJ also amended the previous RFC to include a limitation that Plaintiff "can stand and walk for at least 2 hours during an eight-hour workday" (*id*. at 1145), which is more restrictive than Dr. Hanner's limitation of standing and walking three hours each per day.  (*Id.* at 1081).  The ALJ explained that he "concluded that a more restrictive residual functional capacity is warranted based upon the claimant's subjective complaints, the medical opinions described above, the claimant's autoimmune diseases, and the medical evidence indicative of degenerative changes to the claimant spine and multiple joints."  (*Id*. at 1149-50).

As required by the Court's remand order, the ALJ reevaluated Dr. Hanner's opinion.  The ALJ then included in the RFC the restrictions the Court deemed unaddressed by the

7

prior decision. The ALJ explained and supported his decision to adopt a more restrictive RFC than Dr. Hanner recommended for certain activities. Thus, the ALJ's latest opinion complies with the Court's order. The Court, therefore, affirms the decision of the Commissioner.

## VI. Conclusion

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned **AFFIRMS** the decision of the Commissioner for the reasons discussed above.

**SO ORDERED** this 22nd day of March, 2022.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE